IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BARBARA SELLERS,                                                              PETITIONER

V.                                                                                          NO. 1:04CR184-P

UNITED STATES OF AMERICA,                                                  RESPONDENT

## ORDER DENYING PLAINTIFF'S REQUEST FOR COPY OF TRANSCRIPT

Petitioner, pursuant to a plea agreement, entered a plea of guilty to two counts of aiding and abetting conduct dealing with improper sexual conduct concerning a minor. The plea was accepted, and on August 25, 2005, petitioner was sentenced to serve 240 months on each count with the sentences to be served concurrently. No direct appeal has been filed.

Petitioner has filed a motion for the government to provide her a copy of the trial transcript at government expense (docket entry 27) and has also moved under the Freedom of Information Act and the Privacy Act (docket entry 28) for a copy of the transcript as well as copies of all papers relating to her conviction and sentence. She states in the motion for production of a transcript that she needs it "to perfect post-conviction relief on her own behalf."

Petitioner does not state what type post-conviction action she intends to pursue. Rule 4(b)(1)(A)(i), Rules of Appellate Procedure, requires that a defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after the entry of the judgment or the order being appealed. Since no such notice was filed, the time for filing an appeal has expired. Accordingly, it appears that petitioner intends to pursue an action under 28 U.S.C. § 2255.

Furnishing a transcript at government expense to an indigent litigant is not a matter of right. Title 28 U.S.C. § 753(f) states that

> [f]ees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Likewise, 28 U.S.C. § 1915(c) says "the court may direct payment by the United States of the (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court ...." *See also, Ortiz v. Greyhound Corporation, et al,* 192 F.2d 903 (D. Md. 1959).

The trial court has no idea what issues petitioner intends to pursue, and is aware of no issues arising during the proceeding of this case that would provide grounds for relief under section 2255. Therefore, the court cannot "certif[y] that the suit or appeal is not frivolous and that the transcript is need to decide the issue presented by the suit or appeal." Additionally, there is no showing that the transcript is "required by the appellate court." Finally, requests of this nature under the Freedom of Information Act and Privacy Act are specifically excluded under both Acts. Accordingly, the motions filed as docket entries 27 and 28 are **denied**.

**SO ORDERED** this the 22nd day of November, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE